Dilip NYALA, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 579, 2007.

Supreme Court of Delaware.

Submitted: May 9, 2008.
Decided: Aug. 4, 2008.

Dilip Nyala, pro se.

James T. Wakley, Esquire, Department of Justice, Wilmington, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND, and BERGER, Justices.

HOLLAND, Justice:

The appellant, Dilip Nyala, filed this appeal from the Superior Court's denial of his motion for correction of sentence. We find no merit to Nyala's appeal. Accordingly, we affirm the judgment of the Superior Court.

The record reflects that Nyala pled guilty in 2001 to one count each of trafficking in cocaine, delivery of cocaine within 300 feet of a park, and possession of cocaine. The Superior Court sentenced him to a total period of nineteen years at Level V incarceration, to be suspended after serving six years for twelve years at decreasing levels of supervision. In May 2004, the Superior Court, among other things, reduced Nyala's sentence by suspending his delivery sentence after serving three months rather than three years.

In May 2006, Nyala was charged with violating numerous conditions of his probation. The Superior Court sentenced him on the VOP to a total period of six years at Level V incarceration and discharged him

from probation as unimproved. This Court affirmed on appeal.[1]

In October 2007, Nyala moved for correction of sentence, alleging that his sentence was illegal because it imposed a term of probation that exceeded the limits of 11 Del. C. § 4333. The Superior Court denied his motion. This appeal followed.

■ We find no merit to Nyala's appeal. In 2001, when the Superior Court originally sentenced Nyala, Section 4333 of Title 11 of the Delaware Code provided, in part, that a period of probation or suspension of sentence shall be fixed by the sentencing court and shall not "exceed the maximum term of commitment provided by law for the offense or 1 year, whichever is greater."[2] Nyala was sentenced on July 25, 2001 to a total period of nineteen years imprisonment to be suspended after serving six years for twelve years of probation. The twelve year probationary term did not exceed the maximum term of commitment and, therefore, was legal at the time of sentencing.

■ Nyala is correct that Section 4333, as amended in 2003, now provides, in part, that the length of any period of probation or suspension of sentence shall be limited to eighteen months for any Title 16 offense,[3] such as Nyala's. This Court has held, however, that that 2003 amendment to 11 Del. C. § 4333 does not apply to any sentence imposed prior to June 1, 2003.[4] Accordingly, Nyala's contention that his twelve-year probationary sentence imposed in 2001 violated Section 4333, as amended in 2003, has no merit. Moreover, Nyala's 2006 VOP sentence included no period of probation and otherwise was le-

gal. Accordingly, we affirm the Superior Court's denial of Nyala's motion for correction of sentence.

Therefore, the judgment of the Superior Court is affirmed.

---

1. *Nyala v. State,* 2007 WL 495916 (Del. Feb.16, 2007)

2. Del.Code Ann. tit. 11, § 4333 (2001).

3. Del.Code Ann. tit. 11, § 4333(b)(2) (which became effective 30 days after it was signed into law on May 1, 2003).

4. *Sewell v. State,* 2003 WL 22839962 (Del. Nov.26, 2003).